# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## B. McNulty, to the use of John Bresnahan, v. The Prudential Insurance Company of America, Appellant.

*Insurance—Cancelation of policy—Right of creditor as equitable owner to recover premiums paid.*

Where an insurance company knowing that an insurance policy, issued in the name of the insured was in reality for the benefit of a creditor by whom the premiums were paid, to the knowledge of the company, arbitrarily cancels the policy and retains the premiums, the creditor has a cause of action to recover the premiums so by him paid, the policy being not merely to pay the party assured only, but providing for payment to any other person appearing to the company to be equitably entitled to same by reason of any person having incurred expense in any way on behalf of the insured.

Argued Jan. 11, 1898. Appeal, No. 15, Jan. T., 1898, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1891, No. 748, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit to recover premiums paid on a policy of life insurance, canceled by defendant company. Before LYNCH, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $104.91. Defendant appealed.

2         BRESNAHAN *v.* INS. CO.

Assignment of Error—Opinion of the Court.      [7 Pa. Superior Ct.

*Error assigned* among others was refusal of binding instructions for defendant.

*A. A. Vosburg* and *Chas. W. Dawson*, for appellant.—A soliciting agent cannot make a contract of insurance: Green v. Ins. Co., 91 Pa. 387; nor can he change the terms of a policy of insurance: Ins. Co. v. Improvement Co., 100 Pa. 137; McDermott v. Ins. Co., 7 Kulp, 246.

Where the evidence is so weak that it would be the duty of the court to set aside the verdict of the jury, there is no propriety in submitting it: Holland v. Kindregan, 155 Pa. 156.

There being no fraud in the case under the rulings of Judge RICE in McDermott v. Ins. Co., 7 Kulp, 246, and there being no pretense of duress, the payments made by the plaintiff were purely voluntary and of course cannot be recovered back: De La Cuesta v. Ins. Co., 136 Pa. 62, 78; Peetles v. Pittsburg, 101 Pa. 309; Harvey v. Bank, 119 Pa. 212.

*Jno. McGahren*, for appellee, submitted no paper-book.

OPINION BY PORTER, J., February 19, 1898:

John Bresnahan was a creditor of Bridget McNulty. On April 15, 1889, the defendant company issued a policy of insurance upon her life for $432, requiring the payment of weekly premiums. The policy was, through accident or design, made payable to Mrs. McNulty, instead of to Bresnahan, but it and the premium receipt book were delivered to Bresnahan, who thereafter paid the premiums. On February 16, 1891, without notice or reason, the company lapsed the policy and declined to return to Bresnahan the amount of money which he had paid as premiums. The suit is brought for the return of these premiums.

It appears from the evidence that not only was the agent informed of the fact that the policy was to secure Bresnahan as a creditor of the insured, but that subsequently the insurance was passed upon by a general superintendent and by an assistant superintendent, who, according to the witness Dougher (who was the agent who took the insurance), " made an inspection of these things specially, and the parties that were paying their premiums; told them the indebtedness, told them the cir-

cumstances of every case, how it stood, and what it consisted of, etc., and they approved of the insurance, and put a stamp on, and authorized me to collect on it, and told the people to keep paying on it." Subsequently to this the plaintiff, for some two months, continued to pay the premiums until the policy was arbitrarily canceled.

The same witness says that the general superintendent and assistant superintendent referred to lived in the district, being the principal officers in Pittston; that they were the chief officers from the home office from whom the agents received instructions, and by whom they were hired and paid. This, therefore, is not the case of a mere soliciting agent attempting to vary the terms of a written contract.

Furthermore, the plaintiff might well have assumed that the terms of the policy protected him. It is not an agreement to pay to the party insured only, but provides in article second that "the company may pay the sum of money insured to any relative . . . . of the insured; or to any other person appearing to said company to be equitably entitled to the same by reason of having incurred expense in any way on behalf of the insured for his or her burial, or for any other purpose." The payment by Bresnahan of premiums on the policy, in order that thereby Bridget McNulty might discharge her indebtedness to him, was in some sense incurring an expense on her behalf with the knowledge of the company. The agent's assurance that Bresnahan was protected, and the subsequent approval of the superintendents were not in effect acts tending to vary the terms of the written contract of insurance, but were rather, in this connection, indicative of the intended manner of its performance.

The case under the evidence was properly submitted to the jury. The assignments of error are without merit, and are, therefore, dismissed.

Judgment affirmed.